Rachel E. Kaufman
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Classes*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY ENSLOW, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>VW & ASSOCIATES, LIMITED LIABILITY COMPANY, a Maryland registered company, and CONDE'S ENTERPRISE INC, a California corporation,<br><br>*Defendants.* | Case No. 5:26-cv-00153-SSS-DTB<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Nancy Enslow ("Plaintiff Enslow" or "Enslow") brings this Class Action Complaint and Demand for Jury Trial against Defendant VW & Associates, Limited Liability Company d/b/a 930 Firm ("Defendant 930 Firm" or "930 firm"), and Defendant Conde's Enterprise Inc ("Defendant Conde's Enterprise" or "Conde's Enterprise") to stop the Defendants from violating the Telephone

Consumer Protection Act ("TCPA") by placing unsolicited telemarketing calls to consumers whose phone numbers are registered on the National Do Not Call registry ("DNC") and to consumers who have expressly requested that the calls stop. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendants' conduct. Plaintiff Enslow, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Enslow is a resident of Victorville, California.

2. Defendant 930 Firm is a Maryland registered company headquartered in Baltimore, Maryland. Defendant 930 Firm conducts business throughout this District and throughout the US including in California.

3. Defendant Conde's Enterprise is a California registered corporation headquartered in Canoga Park, California. Defendant Conde's Enterprise conducts business throughout this District.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5. This Court has personal jurisdiction over the Defendants because Defendant Conde's Enterprise is a California corporation with its principal place of business in this District, and because Defendant 930 Firm purposefully directed telemarketing calls into this District to Plaintiff's California telephone number, out of which Plaintiff's claims arise.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendants do business in this District, and the wrongful conduct giving rise to this case was directed by the Defendants into this District where the Plaintiff resides.

## INTRODUCTION

7. As the Supreme Court explained "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. According to online robocall tracking service "YouMail," 3.7 billion robocalls were placed in October 2025 alone, at a rate of 120.6 million per day. www.robocallindex.com (last visited November 27, 2025).

12. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone*

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

*Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

15. Defendant 930 Firm operates a call center that is hired to place calls on behalf of its clients.[3]

16. Upon information and belief, Defendant Conde's Enterprise also operates a call center that is hired to place calls on behalf of its clients.

17. Upon information and belief, the Defendants operate together in placing calls to consumers displaying the caller ID Pch, as per Plaintiff's experience.

18. The Defendants place cold calls to solicit insurance and other products.

19. The Defendants place telemarketing calls to consumer phone numbers without their consent that are registered on the DNC, as per Plaintiff's experience.

20. The Defendants lack a sufficient opt-out system to ensure that a consumer who notifies the Defendants to stop calling will be removed from their calling list.

21. As will be established in the Plaintiff's allegations, the Defendants place calls displaying the abbreviation "Pch" to avoid being identified.

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://930firm.com/

22. Consumers have posted complaints online about unsolicited calls that they received displaying the name "Pch", with some complaints addressing the fact that calls did not stop despite opt-out requests, including:

**Initial Complaint** | **Type:** Customer Servic

**Date:** 07/28/2025 | **Status:** Answered

Pch has called me non-stop five or six times a day for the last week. This was after I had submitted an initial request for marketplace medical insurance coverage, but I have since found what I need. I have told three different representatives that I am registered with the national do not call list, and to notate it in their system. Each of them assures me that they won't call me again but I keep getting calls asking if I still need insurance. This is unacceptable. Business practice continue pestering potential customers. [4]

23. In response to these calls, Plaintiff Enslow brings forward this case seeking injunctive relief requiring the Defendants to cease from violating the TCPA, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF ENSLOW'S ALLEGATIONS

24. Plaintiff Enslow is the sole owner and user of her cell phone number ending in 1818.

25. Plaintiff Enslow registered her cell phone number on the DNC on December 10, 2016.

26. Plaintiff Enslow uses her cell phone number for personal use only as one would use a landline telephone number in a home.

[4] https://www.bbb.org/us/ca/moorpark/profile/insurance-broker/pch-benefits-insurance-solutions-1236-92106997/complaints

27. Plaintiff Enslow uses her cell phone primarily to communicate with friends and family. It is also used to schedule personal appointments and for other household purposes.

28. Plaintiff Enslow's cell phone plan is paid for by Plaintiff herself. It is not reimbursed by a business.

29. Plaintiff Enslow has never had her cell phone number associated with a business.

30. This phone number is not used in any business or marketing materials.

31. Plaintiff Enslow only has this cell phone number.

32. On July 14, 2025 at 12:35 PM, Plaintiff Enslow received an unsolicited call to her cell phone from 760-287-1818.

33. This call was not answered.

34. The caller display showed the name "Pch":




35. On July 15, 2025 at 9:23 AM, Plaintiff Enslow received a 2nd unsolicited call to her cell phone from 760-266-6946.

36. As with the previous call, the caller display showed the name "Pch":




37. When Plaintiff Enslow answered this call, an employee explained that they were calling to review Plaintiff's insurance plan and to ensure it was providing sufficient benefits.

38. Plaintiff told the employee that she was not interested and told the employee not to call her again.

39. Despite her clear stop request, Plaintiff Enslow received another unsolicited call on August 12, 2025 at 9:18 AM from 760-287-1817, and then again on August 12, 2025 at 11:59 AM from 760-239-0443.

40. Neither of these calls were answered and both displayed the name "Pch".

41. On August 13, 2025 at 1:07 PM, Plaintiff Enslow received an unsolicited call to her cell phone from 760-287-1820.

42. When Plaintiff answered this call, an employee began a sales pitch for an insurance plan.

43. Plaintiff Enslow told the employee to stop calling and ended the call.

44. This call also displayed the name "Pch" like the other calls.

45. Plaintiff Enslow subsequently received the following calls, all of which displayed the caller ID "Pch":

- August 25, 2025 @ 11:36 AM from 760-266-6923 – Not Answered
- August 27, 2025 @ 2:32 PM from 760-266-6927 - ANSWERED
- October 6, 2025 @ 5:49 PM from 760-350-6656 – ANSWERED
- October 7, 2025 @ 9:30 AM from 760-350-6728 – Not Answered
- October 7, 2025 @ 9:30 AM from 760-350-6731 - ANSWERED
- October 16, 2025 @ 10:22 AM from 760-262-2832 – Not Answered
- October 16, 2025 @ 11:36 AM from 760-266-6944 – Not Answered
- October 16, 2025 @ 1:09 PM from 760-266-6931 – Not Answered
- October 16, 2025 @ 3:16 PM from 760-334-4025 – Not Answered
- October 17, 2025 @ 9:23 AM from 760-266-6923 – Not Answered
- October 17, 2025 @ 9:44 AM from 760-378-5492 – Not Answered
- October 17, 2025 @ 11:12 AM from 760-266-6944 – Not Answered
- October 17, 2025 @ 1:08 PM from 760-287-1822 – Not Answered
- October 20, 2025 @ 9:36 AM from 760-239-0443 – ANSWERED
- October 20, 2025 @ 4:24 PM from 760-286-8589 – Not Answered
- October 20, 2025 @ 6:11 PM from 760-302-5435 – Not Answered
- October 22, 2025 @ 12:05 PM from 760-286-8912 – Not Answered
- November 10, 2025 @ 3:16 PM from 760-350-6667 – ANSWERED
- November 10, 2025 @ 5:46 PM from 760-302-5543 – ANSWERED
- November 10, 2025 @ 5:52 PM from 760-302-5543 – Called (made a stop request)
- November 12, 2025 @ 2:14 PM from 760-287-1817 – Not Answered
- November 13, 2025 @ 9:44 AM from 760-378-5492 – Not Answered
- November 20, 2025 @ 1:28 PM from 760-287-1818 – Not Answered

46. In almost every answered call, Plaintiff told the callers to stop calling.

47. Each answered call was a solicitation for a new insurance plan.

48. Plaintiff's attorneys had an employee call the numbers that Plaintiff received calls from displaying the caller ID "Pch".

49. The majority of the numbers resulted in reaching an unidentified voicemail.

50. Since the filing of this lawsuit, Plaintiff Enslow has continued to receive unsolicited calls displaying the caller ID Pch, including:

- January 20, 2026 at 11:04 AM from 760-268-2696;
- January 20, 2026 at 2:43 PM from 760-268-2786;
- January 22, 2026 at 9:48 AM from 760-268-2696;
- January 22, 2026 at 12:46 PM from 760-268-2766;
- January 27, 2026 at 9:28 AM from 760-268-2808;
- March 4, 2026 at 2:23 PM from 760-319-9576;
- March 9, 2026 at 10:56 AM from 760-210-1324;
- March 11, 2026 at 9:30 AM from 760-280-1763;
- March 11, 2026 at 2:59 PM from 760-281-0703; and
- March 12, 2026 at 11:19 AM from 760-281-0020.

51. None of the aforementioned calls were answered.

52. These calls post-date the Defendants' subpoena responses and have not yet been attributed to a specific Defendant.

53. Based on Subpoena responses, the following list of calls were all placed directly by Conde's Enterprise:

- July 14, 2025 @ 12:35 PM from 760-287-1818 – Not Answered
- August 27, 2025 @ 2:32 PM from 760-266-6927 - ANSWERED
- October 6, 2025 @ 5:49 PM from 760-350-6656 – ANSWERED
- October 7, 2025 @ 9:30 AM from 760-350-6728 – Not Answered
- October 7, 2025 @ 9:30 AM from 760-350-6731 - ANSWERED
- October 16, 2025 @ 11:36 AM from 760-266-6944 – Not Answered
- October 16, 2025 @ 1:09 PM from 760-266-6931 – Not Answered
- October 17, 2025 @ 11:12 AM from 760-266-6944 – Not Answered
- October 20, 2025 @ 4:24 PM from 760-286-8589 – Not Answered

- October 20, 2025 @ 6:11 PM from 760-302-5435 – Not Answered
- October 22, 2025 @ 12:05 PM from 760-286-8912 – Not Answered
- November 10, 2025 @ 3:16 PM from 760-350-6667 – ANSWERED
- November 10, 2025 @ 5:46 PM from 760-302-5543 – ANSWERED
- November 10, 2025 @ 5:52 PM from 760-302-5543 – Called (made a stop request)
- November 20, 2025 @ 1:28 PM from 760-287-1818 – Not Answered

54. Based on Subpoena responses, the following list of calls were all placed directly by 930 Firm:

- July 15, 2025 @ 9:23 AM from 760-266-6946 – ANSWERED
- August 12, 2025 @ 9:18 AM from 760-287-1817 – Not Answered
- August 12, 2025 @ 11:59 AM from 760-239-0443 – Not Answered
- August 13, 2025 @ 1:07 PM from 760-287-1820 - ANSWERED
- August 25, 2025 @ 11:36 AM from 760-266-6923 – Not Answered
- October 16, 2025 @ 10:22 AM from 760-262-2832 – Not Answered
- October 16, 2025 @ 3:16 PM from 760-334-4025 – Not Answered
- October 17, 2025 @ 9:23 AM from 760-266-6923 – Not Answered
- October 17, 2025 @ 9:44 AM from 760-378-5492 – Not Answered
- October 17, 2025 @ 1:08 PM from 760-287-1822 – Not Answered
- October 20, 2025 @ 9:36 AM from 760-239-0443 – ANSWERED
- November 12, 2025 @ 2:14 PM from 760-287-1817 – Not Answered
- November 13, 2025 @ 9:44 AM from 760-378-5492 – Not Answered

55. Plaintiff Enslow has never done business with the Defendants or consented to be called by them.

56. The unauthorized solicitation calls that Plaintiff received from or on behalf of the Defendants violated Plaintiff's statutory rights under the TCPA. Plaintiff Enslow is entitled to statutory damages for each violation as provided under 47 U.S.C. § 227(c)(5).

57. Seeking redress for these injuries, Plaintiff Enslow, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

58. Plaintiff Enslow brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendants called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) to sell that person insurance products or services.
>
> **Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendants called more than one time on their residential telephone number, (2) within any 12-month period (3) to sell that person insurance products or services, (4) including at least once after the Defendants' records reflect the person requested that they stop calling.

59. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) the Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendants have been fully and finally adjudicated

and/or released. Plaintiff Enslow anticipates the need to amend the Class definitions following appropriate discovery.

60. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

61. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether the Defendants placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(b) whether the Defendants engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

(c) whether the calls constitute a violation of the TCPA;

(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

62. **Adequate Representation**: Plaintiff Enslow will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Enslow has no interests antagonistic to those of the Classes, and the Defendants have no defenses unique to Plaintiff. Plaintiff Enslow and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Enslow nor her counsel have any interest adverse to the Classes.

63. **Appropriateness**: This class action is also appropriate for certification because the Defendants have acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Enslow. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendants'

misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Enslow and the Do Not Call Registry Class)**

64. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

65. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

66. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

67. The Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as

Plaintiff Enslow and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

68. Plaintiff Enslow and the Do Not Call Registry Class received more than one call within a 12-month period by or on behalf of the same entity in violation of 47 C.F.R. § 64.1200(c), giving rise to a private right of action under 47 U.S.C. § 227(c)(5).

69. As a result of Defendants' conduct as alleged herein, Plaintiff Enslow and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

70. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Enslow and the Internal Do Not Call Class)**

71. Plaintiff repeats and realleges paragraphs 1-70 of this Complaint and incorporates them by reference herein.

72. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the

> telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.
>
> (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

73. The Defendants placed calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow the Defendants to initiate telemarketing calls.

74. The TCPA provides that any “person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may” bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers’ privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

75. The Defendants have, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendants’ conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled up to $500 per violation, and, to the extent Defendants’ violations were willful or knowing, up to three times that amount.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendants’ actions, as set out above, violate the TCPA;

d) An injunction requiring the Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Enslow requests a jury trial.

**NANCY ENSLOW**, individually and on behalf of all others similarly situated,

DATED this 30th day of September, 2026.

By: /s/ *Rachel E. Kaufman*
Rachel E. Kaufman
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Classes*